UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DAVID W. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:24-cv-00280-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| INTERNAL REVENUE SERVICE, | ) | **&** |
| ECONOMIC IMPACT PAYMENTS, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

Plaintiff David Williams is an inmate currently confined at the Northpoint Training
Center in Burgin, Kentucky.  Williams has filed a *pro se* petition for a writ of mandamus
pursuant to 28 U.S.C. § 1361.  [R. 1.]  In his petition, Williams indicates that he has already
received $1,400.00 in federal stimulus payments, presumably pursuant to the American Rescue
Plan Act of 2021 ("ARPA").  *See* 26 U.S.C. § 6428B(b)(1).  But he seeks to compel the named
respondent, "Internal Revenue Revenue (*sic*) Service / Economic Impact Payments," to pay
$1,800.00 assertedly owed to him as further Economic Impact Payments ("EIP").  This
presumably is the sum of the $1,200.00 provided for by the Coronavirus Aid, Relief, and
Economic Security Act (the "CARES Act"), *see* 26 U.S.C. § 6428(a), and the $600.00 provided
for by the Consolidated Appropriations Act of 2021 (the "CAA"), *see* 26 U.S.C. § 6428A(a)-(f).
[R. 1 at 1-3.]  Williams has also filed a motion to proceed *in forma pauperis*.  *See* [R. 3.]  The
Court must screen the matter pursuant to 28 U.S.C. § 1915A.  *See Hill v. Lappin*, 630 F. 3d 468,
470-71 (6th Cir. 2010).

Before proceeding further, it is important to properly identify the plaintiff. Plaintiff identifies himself as "John L. Daniels (AKA) David Williams" in his complaint. *See* [R. 1 at 1.] But the Kentucky Department of Corrections indicates that David Williams is the inmate associated with plaintiff's KDOC Inmate Number, which is 086174. *See* [R. 4 at 2]. KDOC also indicates that "John Daniels" is only one of twelve different aliases used by Williams. *See* Kentucky Online Offender Lookup, http://kool.corrections.ky.gov/KOOL/Details/103746 (accessed October 4, 2024). Williams is also the name under which the plaintiff has been convicted of several dozen criminal offenses over the last two decades. *Cf. Commonwealth v. David Wilson Williams*, No. 21-CR-001695 (Jeff. Cir. Ct. 2021), accessed on October 4, 2024, at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=056&court=1&division=CI&caseNumber=21-CR-001695&caseTypeCode=CR&client_id=0). And Williams has filed suit under that name many times before. *Cf. Williams v. Stovall*, No. 3: 05-CV-403-JGH (W.D. Ky. 2005). The Court will therefore direct the Clerk of modify the docket accordingly.

Williams's use of aliases is also pertinent because it establishes beyond doubt that he has long been subject to the "three strikes" bar of 28 U.S.C. § 1915(g). If a prisoner has, while incarcerated, previously filed three or more civil suits or appeals in the federal courts that were dismissed, either because they failed to state a claim upon which relief may be granted or because they were frivolous or malicious, then he or she may not proceed *in forma pauperis*, and must pay the entire $405.00 in fees immediately when the suit is filed. 28 U.S.C. § 1915(g).

The federal court system's online PACER database indicates that Williams has had three or more "strikes," and is therefore barred from proceeding *in forma pauperis* in this action. The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts

2

of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites."). Those court records establish that Williams has incurred numerous strikes in his own name, and additional strikes when he used John Daniels as an alias in court filings:

1. *Williams v. St. Matthews Police Dept.*, No. 3: 94-CV-33-JGH (W.D. Ky. 1994) (dismissed as frivolous);

2. *Williams v. Williams*, No. 0: 95-CV-135-HRW (E.D. Ky. 1995) (dismissed as frivolous);

3. *Williams v. Berry*, No. 3: 96-CV-111-CRS (E.D. Ky. 1996) (dismissed for failure to state a claim);

4. *Williams v. O'Dea*, No. 5: 00-CV-71-KSF (E.D. Ky. 2000) (dismissed for failure to state a claim);

5. *Daniels v. Rankin*, No. 3: 04-CV-P29-H (W.D. Ky. 2004) (dismissal for failure to state a claim); and

6. *Daniels v. Bates*, No. 5: 15-CV-156-JMH (E.D. Ky. 2015) (dismissal for failure to state a claim).

Because Williams has had three or more cases dismissed for failure to state a claim upon which relief may be granted, or as frivolous or malicious, he may not proceed *in forma pauperis* in this action. He must therefore pay the $405.00 filing fee on or before November 8, 2024. If he fails to make timely payment, the Court will assess the full amount of the filing fee against him. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Independent of fee matters, the Court will dismiss this action for lack of jurisdiction because Williams fails to establish entitlement to mandamus relief. *See Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) ("The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either

3

jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff."). As a threshold matter, Williams has not named a viable respondent. By its terms, the mandamus statute authorizes the Court to grant relief "to compel *an officer or employee* of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). A mandamus petition therefore cannot be directed to a federal agency itself, but instead only to a federal officer or employee. *Cf. McCune v. United States*, 374 F. Supp. 946, 948 (S.D.N.Y. 1974) (holding that "petitioner's failure to name a proper government officer of employee as respondent" compelled dismissal); *Jackson v. United States Parole Comm'n*, No. 1:15-CV-01579-MJS, 2017 WL 6040324, at *3 (E.D. Cal. Dec. 6, 2017). Williams has not identified the federal employee who has allegedly failed or refused to pay him the $1,800.00 EIP he seeks, and thus fails to establish adequate grounds for mandamus relief.

Even if Williams had named a proper respondent, relief by mandamus would not lie. Mandamus is a drastic remedy that may be invoked only in extraordinary situations. *Allied Chemical Corp. v. Daiflon*, Inc., 449 U.S. 33, 34 (1980). To warrant relief, the petitioner must establish that: (1) he has a clear right to relief; (2) he has no other available and adequate remedy; and (3) the respondent has a clear duty to act. *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). Williams manifestly fails to meet any of these criteria.

First, Williams cannot show a clear entitlement to relief. The CARES Act and the CAA, passed in March 2020, provided for economic stimulus payments including, among other things, EIP. The EIP were issued in the form of an advanced tax "refund," meaning issued before the recipient had actually filed his or her tax return. *See Whaley v. Sec'y of U.S. Dept of the Treasury*, No. CV 4:23-4473-HMH-TER, 2023 WL 7287354, at *2 (D.S.C. Sept. 20, 2023), *report and recommendation adopted*, 2023 WL 6579001 (D.S.C. Oct. 10, 2023). But the statutes

4

expressly forbid the Internal Revenue Service from issuing any EIP refund or credit under the CARES Act after December 31, 2020, *see* 26 U.S.C. § 6428(f)(3)(A), or under the CAA after January 15, 2021, *see* 26 U.S.C. § 6428A(f)(3)(A).  Because those dates have long since passed, Williams has no right to any direct EIP.  Instead, "[a]fter that date, funds in the form of EIPs cannot be advanced, and eligible persons seeking credit under the Act must do so in connection with a 2020 income tax return." *Patterson v. IRS/Treasury Dep't*, No. 2:21-CV-1437, 2021 WL 5396060, at *2 (N.D. Ohio Nov. 18, 2021) (dismissing mandamus petition filed by inmate seeking to compel EIP payment after deadline).  In addition, numerous courts have found that there is no express or implied private right of action to enforce the pertinent provisions of the CARES Act and the CAA.  *See Ballard v. US Treasury Dep't*, No. 5:21-CV-479-BO, 2022 WL 794697, at *4 (E.D.N.C. Jan. 6, 2022), *report and recommendation adopted*, 2022 WL 785041 (E.D.N.C. Mar. 14, 2022) (collecting cases); *Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. 1:21 CV 425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021).

Second, as noted above, the proper means (if any, post-deadline) to seek the funds made available under ARPA, the CARES Act, or CAA, is to file an original or amended 2020 tax return and, if necessary, to file an administrative claim with the IRS.  *See Patterson*, 2021 WL 5396060, at *2; *Taylor v. Internal Revenue Serv.*, No. 1:22-CV-27-HSO-BWR, 2022 WL 4545121, at *3 (S.D. Miss. Sept. 28, 2022) (citing 26 U.S.C. § 7422(a)); *Douglas v. Dep't of Treasury – Internal Revenue Serv.*, No. A-21-CV-617-RP, 2021 WL 3761221, at *2 (W.D. Tex. Aug. 25, 2021) ("Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS.").  The existence of these alternative remedial schemes preclude resort to mandamus.

Finally, Williams has failed to establish a clear duty to act on the facts alleged. Before EIP are authorized, each of the referenced enactments contain their own eligibility requirements, each of which the IRS must assess on an individualized basis. *See Terry v. Yellen*, No. 3:21-CV-33, 2022 WL 704194, at *3 (S.D. Ohio Mar. 9, 2022), *report and recommendation adopted*, 2022 WL 912748 (S.D. Ohio Mar. 29, 2022); *Harden v. Yellen*, No. 21-CV-0362-BHL, 2021 WL 1515478, at *2 (E.D. Wis. Apr. 16, 2021). Williams has failed to allege, let alone establish, that he satisfies all of the statutory requisites for EIP.

For each of these reasons, the Court will deny the petition for lack of jurisdiction.

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. The Clerk shall **MODIFY** the docket to accurately reflect that David W. Williams is the plaintiff in this action, with John L. Daniels as an alternative designation.

2. Williams's motion to proceed *in forma pauperis* [R. 3] is **DENIED**.

3. **On or before November 8, 2024**, Williams **SHALL** pay the $405.00 filing fee to the Clerk of the Court.

4. David Williams's petition [R. 1] is **DISMISSED** for lack of jurisdiction.

5. This matter is **STRICKEN** from the docket.

This the 9th day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge